# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1003V
Filed: October 29, 2019
UNPUBLISHED

|  |  |
|---|---|
| ERNEST KNAPP,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Damages Decision Based on Proffer;<br>Tdap, Brachial Neuritis |

*Bridget McCullough, Esq.*, Miller Brazil, LLP, Dresher, PA for petitioner.
*Voris Johnson, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 12, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from brachial neuritis. Petition at 1. The case was assigned to Special Master Christian Moran. On April 29, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for his brachial neuritis. On August 27, 2019, this case was assigned to me.

On October 29, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $60,000, plus satisfaction of a Medicaid lien in the amount of $2,302.91. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award petitioner $62,302.91 as follows:**

- **A lump sum payment of $60,000 in the form of a check payable to petitioner; and**

- **A lump sum payment of $2,302.91 in the form of a check payable jointly to petitioner and**

> **Department of Health Care Services**
> **Recovery Branch – MS 4720**
> **P.O. Box 997421**
> **Sacramento, CA 95899-7421**
> **Re: DHCS Acct. No. C92244986A-VAC03.**

**Petitioner agrees to endorse this check over to the Department of Health Care Services.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/ Daniel T. Horner**
> Daniel T. Horner
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ERNEST KNAPP, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-1003V **(ECF)** |
| v. ) | Special Master Horner |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S AMENDED PROFFER ON AWARD OF DAMAGES

On April 26, 2019, respondent, the Secretary of Health and Human Services, filed his Rule 4(c) Report conceding entitlement to compensation in this matter on the basis that a preponderance of the evidence establishes a Vaccine Table injury of brachial neuritis following a Tdap vaccine.  On April 29, 2019, the Court entered its Ruling on Entitlement, finding petitioner Ernest Knapp entitled to Vaccine Act compensation.  Respondent now proffers that petitioner receive a compensation award consisting of a lump sum of **$60,000.00** in the form of a check payable to petitioner, Ernest Knapp,[1] plus satisfaction of a Medicaid lien in the amount of **$2,302.91**, in the form of a check made payable jointly to petitioner[2] and:

>Department of Health Care Services
>Recovery Branch – MS 4720
>P.O. Box 997421
>Sacramento, CA 95899-7421
>Re: DHCS Acct. No. C92244986A-VAC03

---

[1]  Petitioner is a competent adult.  No guardianship is required.

[2]  Petitioner agrees to endorse this check over to the Department of Health Care Services.

These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[3]

Petitioner agrees with the proffered award of $60,000.00, plus satisfaction of the Medicaid lien in the amount of $2,302.91.[4]

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Voris E. Johnson, Jr.</u>
        VORIS E. JOHNSON, JR.
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Ben Franklin Station
        Washington, D.C. 20044-0146
        Direct dial: (202) 616-4136

Dated: October 29, 2019

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[4] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).